# Exhibit 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California ▼

IN RE AMGEN INC. SECURITIES LITIGATION )
_____ )
          *Plaintiff* )
          v. )   Civil Action No. CV 07-2536 PSG (PLAx)
           )
_____ )
          *Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Cancer Letter Inc., 3821 Woodley Road NW, Washington DC 20016

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A, attached hereto.

| Place: Same Day Process Service c/o Nationwide Legal LLC<br>1219 11th St NW<br>Washington, DC 20001 | Date and Time:<br>11/14/2014 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/03/2014

          *CLERK OF COURT*
                                          OR                            */s/*

          *Signature of Clerk or Deputy Clerk*                            *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Amgen Inc._____, who issues or requests this subpoena, are:
Glenn K. Vanzura, Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los Angeles, CA 90067-4276
gvanzura@irell.com; (310) 277-1010

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV 07-2536 PSG (PLAx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* THE CANCER LETTER INC.
on *(date)* 11/03/2014 .

☑ I served the subpoena by delivering a copy to the named person as follows: slieberman@rothwellfigg.com and 607 14th Street, N.W.; Suite 800 Washington D.C. 20005 (via FedEx)
on *(date)* 11/03/2014 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $     for travel and $     for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/03/2014

*Server's Signature* (signed) Julie Gordon

Julie Gordon
*Printed name and title*

Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A
# DEFINITIONS

1. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the subpoena inclusive rather than exclusive; the singular includes the plural and the plural includes the singular; the use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the subpoena any document that might otherwise be construed outside its scope.

2. The terms "reflecting, referring, or relating to," or any part thereof in addition to their customary and usual meaning, mean and refer to discussing, constituting, mentioning, pertaining to, assessing, embodying, recording, stating, concerning, describing, touching upon, or summarizing.

3. The terms "THE CANCER LETTER," "YOU," and "YOUR" all refer to non-party The Cancer Letter Inc., including any and all former or current predecessors, successors, parents, subsidiaries, affiliated entities, any and all former or current officers, directors, employees, editors, publishers, authors, editorial assistants, agents, attorneys, representatives, and other natural PERSONS, businesses, advisors, or legal entities purporting to act on behalf of The Cancer Letter Inc., and including all publications of The Cancer Letter Inc.

4. The term "DEFENDANT" refers to Defendant Amgen Inc. (hereinafter, "Amgen"), including any and all former or current predecessors, successors, parents, subsidiaries, affiliated entities, any and all former or current officers, directors, employees, agents, attorneys, representatives, and other natural PERSONS, businesses, advisors, or legal entities purporting to act on behalf of Amgen.

5. The term "PERSON" or "PERSONS" includes without limitation individuals, corporations, partnerships, limited partnerships, limited liability

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170184

- 1 -

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.

companies, trusts, unincorporated associations, and all other governmental or non-governmental entities.

6. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including electronically stored information. It includes all papers; e-mail correspondence and attachments; writings; drawings; pictures; charts; photographs; movies; films; tapes; CDs; DVDs; other voice and video recordings; financial records and analyses; data compilations; correspondence; computer records; drafts; work papers; invoices; contracts; purchase orders or agreements; memoranda; stenographic or handwritten notes; publications; books; pamphlets; reports; surveys; or minutes. It also includes copies of such DOCUMENTS where the original is not in the possession, custody, or control of THE CANCER LETTER and copies of every such DOCUMENT where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original.

7. The term "COMMUNICATION" refers to any transmission or exchange of information, opinions, or thoughts between two or more PERSONS, whether orally, in writing, electronically or otherwise. It includes, but is not limited to, emails, notes, voicemails, video recordings, and text messages.

8. The term "ARTICLE" refers to the publication or article by THE CANCER LETTER on or about February 16, 2007 titled, "Danish Researchers Post Long-Awaited Aranesp Results—Ever So Discreetly."

9. The term "PAUL GOLDBERG" refers to the identified editor of THE CANCER LETTER as of February 16, 2007 and the identified author of the publication or article by THE CANCER LETTER on or about February 16, 2007 titled, "Danish Researchers Post Long-Awaited Aranesp Results—Ever So Discreetly."

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170184

- 2 -

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.

10. The term "DAHANCA" refers to the Danish Head and Neck Cancer Group, including any and all former or current predecessors, successors, parents, subsidiaries, affiliated entities, and any and all current or former investigators, employees, agents, representatives, and other natural PERSONS purporting to act on behalf of the Danish Head and Neck Cancer Group.

11. The term "DAHANCA 10" refers to the study conducted by DAHANCA that was referenced in the ARTICLE.

## INSTRUCTIONS

1. All requests hereunder for the production of DOCUMENTS require production of the requested documents in full, without deletion, redaction, abbreviation, or expurgation.

2. YOU are required to produce all DOCUMENTS responsive to these requests that are in YOUR possession, custody, or control, including all those within the possession, custody, or control of YOUR agents and representatives and all those that can be obtained through reasonably diligent efforts.

3. If any specific portion of these requests cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

4. Each request for DOCUMENTS requires the production of each original, an identical copy if an original is unavailable, and all non-identical copies (whether made different from the original because of the notes or notations made on such copies or otherwise).

5. All DOCUMENTS should be produced in the same order as they are kept or maintained by YOU, and DOCUMENTS attached to each other should not be separated.

6. All DOCUMENTS should be produced in the file, folder or envelope or other container in which the DOCUMENTS are kept or maintained by YOU. If

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170184

- 3 -

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.

for any reason the container cannot be produced, please produce copies of all labels and other identifying markings.

7. DOCUMENTS not otherwise responsive to this subpoena shall be produced if such DOCUMENTS refer to, relate to, or explain the DOCUMENTS called for by this subpoena or if such DOCUMENTS are attached to DOCUMENTS called for by this subpoena and constitute routing slips, transmittal memoranda or letters, comments, evaluations or similar DOCUMENTS.

8. If a DOCUMENT once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the DOCUMENT and state the details concerning the loss of such DOCUMENT.

9. All metadata for electronically stored information shall be preserved. Please preserve the responsive electronically stored information in its native format, and be willing to produce certain electronically stored information in native format on a case-by-case basis should a particular need for it arise.

10. If YOU claim that any DOCUMENT that YOU are requested to produce is privileged, YOU must provide the following information in writing, at the time of the production, with respect to each such DOCUMENT:

    a. The nature of the privilege YOU claim;
    b. The PERSON who created, wrote or prepared the DOCUMENT;
    c. The date on which the DOCUMENT was created, written, prepared, or transmitted;
    d. The general subject matter of the DOCUMENT;
    e. The general nature of the DOCUMENT (e.g., letter, telegram, memorandum); and
    f. Each PERSON to whom the DOCUMENT was directed or circulated.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170184

- 4 -

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.

11. Unless otherwise specified, this subpoena calls for DOCUMENTS and COMMUNICATIONS concerning, prepared, created, or used in any way during the period beginning September 1, 2006 and ending December 31, 2007.

12. Each numbered request below is to be construed independently and answered separately, fully, and completely, without reference to any answer to any other requests.

13. Nouns, whether singular or plural herein, shall be construed either as singular or plural as necessary to bring within the scope of these requests for production any DOCUMENTS or responses which might otherwise be construed to be outside their scope.

14. If there are no DOCUMENTS responsive to any paragraph set forth in the requests, please provide a written response so stating.

## DOCUMENT REQUESTS

**Document Request No. 1:** All DOCUMENTS relating to DAHANCA or DAHANCA 10, including but not limited to:

(a) all DOCUMENTS relating to DAHANCA or DAHANCA 10 in the possession, custody or control of YOU or PAUL GOLDBERG;

(b) all COMMUNICATIONS between THE CANCER LETTER or PAUL GOLDBERG and any PERSON named or referred to in the ARTICLE, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(c) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and any and all "Wall Street sources," as that term was used in the ARTICLE, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(d) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and any and all "informed observers," as that term was used in the ARTICLE, relating to DEFENDANT, DAHANCA or DAHANCA 10;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170184

- 5 -

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.

1  (e) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and any and all "observers in oncology and on Wall Street," as that term was used in the ARTICLE, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(f) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and any and all "experts," as that term was used in the ARTICLE, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(g) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and Dr. Michael Henke, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(h) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and Dr. Charles Bennett, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(i) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and Dr. David Steensma, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(j) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and Dr. Scott Lippman, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(k) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and Dr. Howard Ozer, relating to DEFENDANT, DAHANCA or DAHANCA 10;

(l) all DOCUMENTS relating to any COMMUNICATION between THE CANCER LETTER or PAUL GOLDBERG and Dr. Jens Overgaard or DAHANCA; and

(m) all DOCUMENTS provided, sent, or delivered to THE CANCER LETTER or PAUL GOLDBERG by Dr. Jens Overgaard or DAHANCA.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

3170184

- 6 -

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.

**Document Request No. 2:** DOCUMENTS sufficient to show the first date on which YOU or PAUL GOLDBERG had knowledge that DAHANCA 10 was temporarily stopped on October 18, 2006, as reported in the ARTICLE.

**Document Request No. 3:** DOCUMENTS sufficient to show how YOU or PAUL GOLDBERG obtained knowledge that DAHANCA 10 was temporarily stopped on October 18, 2006, as reported in the ARTICLE.

**Document Request No. 4:** DOCUMENTS sufficient to show the first date on which YOU or PAUL GOLDBERG had knowledge that the decision not to resume DAHANCA 10 was made on December 1, 2006, as reported in the ARTICLE.

**Document Request No. 5:** DOCUMENTS sufficient to show how YOU or PAUL GOLDBERG obtained knowledge that the decision not to resume DAHANCA 10 was made on December 1, 2006, as reported in the ARTICLE.

**Document Request No. 6:** DOCUMENTS sufficient to show the first date on which YOU or PAUL GOLDBERG had knowledge that the decision not to resume DAHANCA 10 was posted on the Web, as reported in the ARTICLE.

**Document Request No. 7:** DOCUMENTS sufficient to show how YOU or PAUL GOLDBERG obtained knowledge that the decision not to resume DAHANCA 10 was posted on the Web, as reported in the ARTICLE.

**Document Request No. 8:** DOCUMENTS sufficient to show the first date and time at which the ARTICLE was published.

**Document Request No. 9:** DOCUMENTS sufficient to show where the ARTICLE was published, posted, disseminated and distributed.

**Document Request No. 10:** The January 30 slide presentation by Bear Stearns referred to in the ARTICLE.

**Document Request No. 11:** All DOCUMENTS reflecting, referring, or relating to YOUR and PAUL GOLDBERG'S retention or destruction policies or procedures since September 1, 2006.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170184

- 7 -

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.

**Document Request No. 12:** If a DOCUMENT that would otherwise be responsive to any of the above requests once existed and is no longer in the possession, custody or control of THE CANCER LETTER or PAUL GOLDBERG, please provide DOCUMENTS sufficient to (a) explain the reason the DOCUMENT is no longer in the possession, custody or control of THE CANCER LETTER or PAUL GOLDBERG, and (b) identify where the DOCUMENT may now exist.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3170184

ATTACHMENT A TO SUBPOENA OF THE CANCER LETTER INC.